UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:08-CV-208 |
| § | |
| 0.77 ACRES OF LAND, MORE OR LESS, § | |
| *et al*, § | |
| § | |
| Defendants. § | |

**OPINION & ORDER**

The Court now considers the "Unopposed Motion to Dismiss Parties Pursuant to Fed. R. Civ. P. 71.1(i)(2)"[1] filed by the United States of America's ("United States") and the "Joint Motion for Entry of Order Establishing Just Compensation, Granting Possession, Disbursing Funds on Deposit in the Registry of the Court, and Closing Case,"[2] filed by the United States and Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr., in accordance with the Court's order to reflect just compensation as to all appropriate parties.[3] After duly considering the motions, record, and relevant authorities, the Court **GRANTS** both motions.

The instant case involves the taking of 0.657–0.77 acres of property identified as Tract No. RGV-RGC-2025.[4] Plaintiff deposited $7,800 into the Registry of the Court on July 1, 2008, as estimated just compensation for Tract RGV-RGC-2025.[5] On March 21, 2014, the United States filed an Amended Declaration of Taking to clarify the land description; to clarify the

---

[1] Dkt. No. 30.
[2] Dkt. No. 31.
[3] Dkt. No. 29 p. 3.
[4] Dkt. No. 2; Dkt. No. 30 pp. 1–2, ¶¶ 2, 6; *see* Dkt. No. 24 & Dkt. No. 24-1 p. 7 (Amendment to Declaration of Taking which clarified the acreage from 0.77 to 0.657).
[5] Dkt. No. 2-1 p. 12; Dkt. No. 4; Dkt. No. 30 p. 2, ¶ 4.

estate being taken; to "revise the estimate of just compensation based on the decrease in the acreage of Tract RGV-RGC-2025," and to provide a final survey plat of the property.[6] The Amended Schedule "FF" set out $2,900.00 as the estimate sum of just compensation for Tract RGV-RGC-2025.[7] The just compensation amount originally deposited into the Registry of the Court remains unchanged. Now, the United States and Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr., request the Court's order establishing $4,600.00 as just compensation for Tract RGV-RGC-2025.[8] The Court first addresses the United States' motion to dismiss, since such analysis controls the analysis of the motion for entry of order.

### I. The United States' Unopposed Motion to Dismiss Parties Pursuant to Fed. R. Civ. P. 71.1(i)(2)

Under Federal Rule of Civil Procedure ("Rule") 71.1(i)(2), the Court may at any time dismiss an unnecessarily or improperly joined defendant.[9] The United States now announces Defendants Mary Elizabeth Doyno, Elma P. Doyno, and Lydia C. Doyno, interested parties and property owners, are deceased. Accordingly, the United States seeks dismissal of Defendant Mary Elizabeth Doyno because her heirs, Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr.; are already named as interested parties and property owners who represent Mary Elizabeth Doyno's property interest.[10] Further, the United States seeks dismissal of Defendants Elma P. Doyno and Lydia C. Doyno because their life estates in the property expired upon death pursuant to Tex. Est. Code § 201.002(b)(3).[11] Thus, the United States requests the Court dismiss

---

[6] Dkt. No. 24.
[7] *Compare* Dkt. No. 24-1 p. 9 *with* Dkt. No. 2-1 p. 12. The Court notes the parties fail to include the revised just compensation sum in the instant motions. *See* Dkt. No. 30 p. 2, ¶ 6 & Dkt. No. 31.
[8] Dkt. No. 31.
[9] Fed. R. Civ. P. 71.1(i)(2).
[10] Dkt. No. 30 pp. 2–3, ¶¶ 7–11.
[11] *Id.* p. 4, ¶¶ 12–15.

Defendants Mary Elizabeth Doyno, Elma P. Doyno, and Lydia C. Doyno.[12] Importantly, the heirs of Defendants Mary Elizabeth Doyno, Elma P. Doyno, and Lydia C. Doyno are unopposed.[13] After considering the aforementioned circumstances, the Court finds Defendants Mary Elizabeth Doyno, Elma P. Doyno, and Lydia C. Doyno unnecessarily joined. Thus, Defendants Mary Elizabeth Doyno, Elma P. Doyno, and Lydia C. Doyno are hereby **DISMISSED** from the case. The Court turns to the parties' joint motion for entry of order.

### II. The Parties' Joint Motion for Entry of Order Establishing Just Compensation, Granting Possession, Disbursing Funds on Deposit in the Registry of the Court, and Closing Case

In their "Joint Motion for Entry of Order Establishing Just Compensation, Granting Possession, Disbursing Funds on Deposit in the Registry of the Court, and Closing Case,"[14] the United States and Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. move the Court to (1) establish the just compensation to be paid by the United States for the taking of Tract RGV-RGC-2025; (2) grant the United States possession of Tract RGV-RGC-2025; (3) disburse the stipulated amount of just compensation from the

---

[12] Dkt. No. 30.
[13] *Id.* at p. 5. The Court noted in its last order Defendant Mary Elizabeth Doyno's ownership interest in Tract RGV-RGC-2025 passed through intestacy to Defendant Gladys Marie Doyno; Frank George Doyno, Jr.; and Paul Michael Doyno, Jr. ("Defendants GF&P"). *See* Dkt. No. 29 p. 1. At the time of the Court's January 2, 2019 order, Defendants GF&P did not share the same counsel as the rest of the named defendants. Dkt. No. 28 p. 2 ("Margil Sanchez, attorney for Mary Elizabeth Doyno, confirmed that he represents Gladys Marie Doyno, Frank George Doyno, Jr., and Paul Michael Doyno, Jr."). However, the United States' certificate of conference in the instant motion to dismiss states "Plaintiff conferred by telephone with Attorney Margil Sanchez on behalf of his clients: Mary Elizabeth Doyno (deceased), the Estate of Pauline S. Doyno, Paul M. Doyno, Jr. (as heir of Elma P. Doyno and Mary Elizabeth Doyno), Gladys Marie Doyno (as heir of Lydia C. Doyno and Mary Elizabeth Doyno), and Frank G. Doyno, Jr. (as heir of Lydia C. Doyno and Mary Elizabeth Doyno); all are unopposed to this Motion." Dkt. No. 30 p. 5. Thus, the only individual not represented by Margil Sanchez as documented in the instant motion to dismiss is Pauline S. Doyno. However, in the instant joint motion for entry of order, the parties inform the Court Pauline S. Doyno died testate in 2014, with Gladys M. Doyno acting as the appointed Executor of Pauline S. Doyno's pending Estate. Dkt. No. 31 p. 2 n.6 ("Thus, Gladys M. Doyno as Executor of the Estate for Pauline S. Doyno joins this Motion on behalf of interested party Pauline S. Doyno"). The Court also notes Pauline S. Doyno is accounted for in the just compensation calculations in the instant joint motion for entry of order. *See* Dkt. No. 31 p. 3. As such, the Court considers all defendants unopposed.
[14] Dkt. No. 31.

Registry of the Court; and (4) close the case.[15] In sum, the above remaining parties "confirm and agree that the full and just compensation payable by the United States for the taking of Tract RGV-RGC-2025 shall be the sum of four thousand six hundred and 00/100 dollars ($4,600.00) plus any accrued interest, which sum is all inclusive, for the taking of Tract RGV-RGC-2025."[16]

Based on the foregoing, the Court finds just compensation has been established according to the parties' agreed amount of compensation.[17] Judgment is hereby entered against the United States in the amount of $4,600.00 for Tract RGV-RGC-2025 as described in the Amended Declaration of Taking.[18] Since the record reflects a $7,800.00 deposit in the Registry of the Court in 2008, and the parties now agree to $4,600.00, the Court sets out the following disbursements:

- $1,150.00 shall be payable by check to the Estate of Pauline S. Doyno, with accrued interest from the date of deposit;
- $1,533.33 shall be payable by check to Paul M. Doyno, Jr., with accrued interest from the date of deposit;
- $958.33 shall be payable by check to Gladys M. Doyno, with accrued interest from the date of deposit;
- $958.34 shall be payable by check to Frank G. Doyno, Jr., with accrued interest from the date of deposit; and
- all remaining funds on deposit shall be payable by check to "F&A Officer, USAED, Fort Worth" with a reference on the check for Tract RGV-RGC-2025.

The total sum of $4,600.00 shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from the said sum. There being no outstanding taxes or assessments due or owing, Defendants Pauline S.

---

[15] *Id.* at p. 2. As mentioned in a prior footnote, Pauline S. Doyno is represented by Gladys M. Doyno.
[16] Dkt. No. 31 p. 2, ¶ 1.
[17] The parties' contention that "[t]he United States previously deposited four thousand six hundred and 00/100 dollars ($4,600.00) into the Registry of the Court" does not fully recognize the $7,800.00 deposit into the Registry of the Court in 2008. Dkt. No. 31-3 p. 2, ¶ 3; Dkt. No. 4. Nevertheless, the Court recognizes the parties now agree to $4,600.00.
[18] Dkt. No. 24.

Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

The parties agree in the event any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in the property taken in this proceeding, Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate calculated pursuant to 40 U.S. Code 3116 (2006) from the date of receipt of the deposit by the Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. to the date of repayment into the Registry of the Court.

The parties also agree Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. shall be responsible for their own legal fees, costs, and expenses, including attorney's fees, consultant fees, and any other expenses or costs. Further, the parties agree Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this judgment. Finally, upon party agreement, Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. shall save and hold harmless the United States from all claims or liabilities resulting from any unrecorded leases or agreements affecting the interests of the property taken in this proceeding on the date of the respective taking.

Accordingly, the Court **ORDERS** the Clerk of the Court to **DISBURSE** the funds on deposit with the Registry of the Court, along with any interest earned thereon while on deposit,

to Defendants Pauline S. Doyno; Paul M. Doyno, Jr.; Gladys M. Doyno; and Frank G. Doyno, Jr. as noted in this Order. There being no further issues to resolve in this case, the Court instructs the Clerk of the Court to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 31st day of January, 2019.

                                                    Micaela Alvarez
                                          United States District Judge